RECORD NUMBER: 14-4234

# United States Court of Appeals

*for the*

# Fourth Circuit

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

GREGORY TROPEA,

*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA AT NEWPORT NEWS

# OPENING BRIEF OF APPELLANT

JAMES ELLENSON
LAW OFFICE OF
   JAMES STEPHEN ELLENSON
2600 Washington Avenue
Suite 1007
Newport News, Virginia 23607
(757) 244-4445


*Counsel for Appellant*

CP  COUNSEL PRESS • VA – (800) 275-0668

# **TABLE OF CONTENTS**

Table of Authorities ............................................................................... ii

Statement of Subject Matter and Appellate Jurisdiction ...........................................1

Statement of Issue Presented For Review...............................................................1

Statement of the Case...............................................................................1

Summary of Argument...............................................................................5

Standard of Review ...............................................................................5

Argument...............................................................................5

Conclusion ...............................................................................8

Request for Oral Argument...............................................................................8

Certificate of Compliance

Certificate of Service

# TABLE OF AUTHORITIES

**Cases:**

*Katz v. United States*,
    389 U.S. 347,361 (1967) ...............................................................................6

*Rakas v. Illinois*,
    439 U.S. 128 (1978)........................................................................................6

*Stoner v. United States,*
    376 U.S. 483, 490 (1964) ...............................................................................6

*United States v. Henry*,
    673 F.3d 285 (4th Cir. 2012) *cert denied* 133 S. Ct. 182 ...............................5

*United States v. Kitchens*,
    114 F.3d 29 (4th Cir. 1997) .........................................................................6, 7

*United States v. Nicholson,*
    676 F.3d 376 (4th Cir. 2012) ..........................................................................5

**Rules, Statutes and Other Authorities:**

18 U.S.C. § 1001 ............................................................................................3

18 U.S.C. § 2252A (a) (2) ..............................................................................3

Fed. R. App. Proc. (4) ....................................................................................1

Fed. R. Crim. Proc. 11(d)(2)(B)......................................................................5

Virginia Residential Landlord and Tenant Act ...............................................7

Virginia Code § 55-248.2, et seq ....................................................................7

Virginia Code § 55-248.5.A.4.........................................................................7

Virginia Code § 55-225 ..................................................................................7

## STATEMENT OF SUBJECT MATTER AND
## APPELLATE JURISDICTION

This is an appeal from a criminal case in the District Court and this Court has jurisdiction pursuant to FRAP(4).

## STATEMENT OF ISSUE PRESENTED FOR REVIEW

Did the trial court err in denying Tropea's motion to withdraw his guilty plea in light of the fact that the trail court erred in denying Torpea's motion to suppress?

## STATEMENT OF THE CASE

On May 8, 2013 the Newport News Police received a missing person report for Greg Tropea, who at the time, was living in the Host Inn in Newport News. The call to the police to report Tropea as missing was made by his good friend RobertDelimon ("Delimon"), who had not seen nor heard from Tropea since May 3, 2013. Delimon was worried that Tropea might have been hit by a car while riding his bicycle, and had already checked with three local hospitals looking for Tropea. Two Newport News Police Officers were dispatched to meet Delimon at the hotel, and arrived there promptly. On the way they learned from a routine background check that Tropea was on active federal probation for a prior offense and was registered as a sex offender in Virginia. APP 28-34

The officers spoke with the hotel manager, Henry Patel ("Patel"), who told them Tropea had been staying at the hotel continuously since December 24, 2012. Tropea had always paid his bills, each for one week's rent, ahead of time, either in

1

cash or by credit card. Tropea had never paid his bill late during this period, and he had no understanding with hotel management that he would be allowed to do so without being evicted. However, the last bill Tropea had paid was only good through May 5, 2013 – his lease had been expired for three days – and he had not been seen at the hotel since that day. Patel also testified that the hotel had a policy of not allowing late payments in general, and that he was planning to remove Tropea's belongings from the room and evict Tropea the day the officers arrived, May 8, 2013. APP 45-53; 60-61.

Patel let the officers into Tropea's hotel room to look for him or information about his whereabouts. In the room, the officers saw a laptop computer. Still trying to find information about Tropea's whereabouts, the officers contacted a federal probation officer and learned that as a condition of Tropea's probation he was prohibited from possessing a laptop. Realizing that Tropea was likely in violation of his supervised release conditions, the officers left the hotel room and alerted the FBI of potential violations of federal law. FBI and Task Force Agents applied for a federal search warrant, and it was granted the next day May 9, 2013. FBI agents executed the search warrant, and seized the laptop computer and a large number of USB drives stashed in coffee creamer containers throughout the room. A Computer Forensic Examiner found them to contain thousands of images of child pornography. APP 125-129.

Tropea was eventually located at the Virginia Peninsula Regional Jail ("VPRJ"), where he had been incarcerated since May 5, 2013. On May 10, 2013, federal law enforcement agents interviewed Tropea in VPRJ. He waived his Miranda rights and made a number of incriminating statements regarding the laptop seized from his hotel room.

Tropea was charged on September 9, 2013, in a 26-count Superseding Criminal Indictment, APP 12, of twelve counts of Receipt of Child Pornography, in violation of 18 U.S.C. section 2252A(a)(2) and fourteen counts of Making Materially False Statements to an Agent of the United States in violation of 18 U.S.C. section 1001. Tropea moved to suppress evidence seized from his hotel room. After a hearing on the matter on October 16, 2013 the Court denied the motion to suppress. APP 65.

On November 7, 2013, Tropea pled guilty before Judge Doug Miller to three counts of receipt of child pornography and one count of making false statements to his Probation Officer. Plea Agreement APP 110. During his guilty plea colloquy before Judge Miller, Tropea affirmed under oath that he had gone over each page of the plea agreement with his attorney and that he had initialed each page of it. Further, Judge Miller asked both attorneys whether Tropea's guilty plea was conditioned on his being allowed to appeal the outcome of his motion to suppress; both attorneys affirmed that there was no such condition on the plea-and

3

this exchange occurred in the middle of Judge Miller's colloquy with Tropea. Tropea was never asked directly by Judge Miller about this point.  APP 92-93.

Prior to sentencing, Tropea sent a letter to the Court dated January 21, 2014, ECF No. 48, that alerted the Court to the fact that, contrary to the sentencing procedures order entered by Judge Miller on November 7, 2013, his attorney, Greg Matthews, was not present when the Probation Officer interviewed Tropea in preparation for the Presentence Report. A hearing was held on the matter on February 3, 2014, during which Mr. Matthews was relieved as Tropea's counsel and Jim Ellenson was appointed to represent him. APP 152, 153

Tropea filed  a Motion to Withdraw his Guilty plea on February 12, 2014. It stated that the Defendant mistakenly believed that his plea would permit him to appeal the denial of his suppression motion; he requested to either withdraw his guilty plea or else enter a new, conditional guilty plea that would permit  such an appeal.  Id.  On February 24, 2014, the Government responded in opposition. A hearing was held on the matter on March 3, 2014, at which time the Court ruled from the bench that the Motion was denied. APP 149-154

On March 11, 2014, Tropea was sentenced to a total of 336 months to serve. This is an appeal therefrom.

## SUMMARY OF ARGUMENT

Tropea should have been allowed to withdraw his guilty plea in light of the suppression motion being wrongly denied.

## STANDARD OF REVIEW

The standard of review for a motion for the withdrawal of a guilty plea is abuse of discretion *United States v. Nicholson*, 676 F. 3d 376 (4th Cir. 2012).

## ARGUMENT

Pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a defendant may withdraw a guilty plea after he court accepts the plea but before he is sentenced if he can show a fair and just reason for withdrawing the guilty plea. This Court reviews the district court's denial for abuse of discretion. If that district court relied on erroneous factual or legal premises, then it is an abuse of discretion. *Id.,* at 383, quoting *United States v. Henry*, 673 F. 3d 285, 291 (4th Cir. 2012), *cert denied*, 133 S.Ct. 182)).

Thus, the real question in the case at bar is whether or not the denial of his suppression motion was proper. At page 5 of the district court's opinion denying Tropea to withdraw his guilty plea, the district court stated that any appeal of Tropea's suppression motion would, with virtual certainty, be dismissed. Tropea respectfully disagrees. Tropea should have

5

prevailed on his motion to suppress, and that is why the district court's denial of his motion to withdraw his guilty plea was wrong. That denial was based on the district court's notion that it was correct in denying the suppression motion.

In order to have standing to challenge a search under the Fourth Amendment, a person must have a reasonable expectation of privacy in the place searched. *Rakas v. Illinois*, 439 U.S. 128, 143 (1978). An expectation of privacy is reasonable when, first, a person has "exhibited an actual (subjective) expectation of privacy" and, second, that expectation is "one that society is prepared to recognize as "reasonable." *Katz v. United States*, 389 U.S. 347, 361, (1967) (Harlan, J., concurring). A person renting a hotel room has a reasonable expectation of privacy in that room, *Stoner v. California* , 376 U.S. 483, 490 (1964).

Greg Tropea had been renting a room at a hotel from December 24, 2012, continuously through May 8, 2013. He had been paying his rent on a weekly basis. He was supposed to have paid his rent on May 6, 2013. He did not, and the police came to the hotel on May 8 on a missing persons report. The only real issue is whether Tropea should have been viewed as a holdover week-to-week tenant.

The District Court's analysis centered on *United States v.*

6

*Kitchens*, 114 F.3d 29 (4th Cir. 1997), and whether a hotel guest who stays on after his allotted time has any expectation of privacy. While interesting, that analysis has nothing to do with the situation at bar. Since there is no federal landlord-tenant or real estate law, one must look to state law to determine Tropea's rights. The cogent analysis comes under the Virginia Residential Landlord and Tenant Act, (VRLTA), Virginia Code sections 55-248.2 et. seq. Unlike Kitchens, Tropea had been living at the hotel for more than 30 days. Thus, Virginia Code section 55-248.5A.4, makes the VLRTA apply, specifically, Virginia Code section 55-225. That section requires a five-day termination notice. No notice was ever given. Thus, Tropea had a reasonable expectation of privacy. He was a holdover tenant, not a guest at a hotel overstaying his allotted time.

The district court's decision was based on Tropea's lack of standing to challenge the search of the room, so the court did not reach either the community caretaking exception or the exigent circumstances exception. It would be pure speculation for this court at this time to explore those issues. Accordingly, this Court should simply hold that Tropea should have been allowed to withdraw his guilty plea, since the denial of such a withdrawal was based on an erroneous understanding of the law. This case should be sent back to the District Court, with a not guilty plea being in place. At that

7

time, counsel and Tropea can decide how best to proceed.

## <u>CONCLUSION</u>

Greg Tropea respectfully prays that his convictions be reversed

and that he have a new trial.

## <u>REQUEST FO ORAL ARGUMENT</u>

Counsel for appellant respectfully requests oral argument.

GREG TROPEA

<u>/s/ James Ellenson</u>
Of Counsel

James Ellenson
Law Office of
    James Stephen Ellenson
2600 Washington Avenue
Suite 1007
Newport News, Virginia 23607
(757) 244-4445

*Counsel for Appellant*

8

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. <u>14-4234</u>    **Caption:** <u>United States v. Gregory Tropea</u>

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [✓] this brief contains <u>1,710</u> [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ] this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [✓] this brief has been prepared in a proportionally spaced typeface using <u>MS Word 2010</u> [*identify word processing program*] in <u>Times New Roman, 14 point</u> [*identify font size and type style*]; **or**

   [ ] this brief has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) <u>James Ellenson</u>

Attorney for <u>appellant</u>

Dated: <u>6/12/2014</u>

# CERTIFICATE OF SERVICE

I certify that on June 12, 2014 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Lisa Rae McKeel
OFFICE OF THE U.S. ATTORNEY
Fountain Plaza 3
721 Lakefront Commons
Suite 300
Newport News VA 23606-0000
757-591-4040
Lisa.McKeel@usdoj.gov

/s/ James Ellenson
_____
Signature

6/12/2014
_____
Date